IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PATRICIA J. RECKLEY, | ) | 8:17CV17 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| NE HEALTH & HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her Complaint on January 19, 2017 (Filing No. 1), and was granted leave to proceed in forma pauperis on January 20, 2017 (Filing No. 5). On January 26, 2017, after a mailing was returned as undeliverable, the court entered an order advising Plaintiff that the action would be dismissed if she did not update her address within 30 days (Filing No. 7). Plaintiff responded to the order on February 2, 2017, and has made a sufficient showing that the address on file is correct (Filing No. 8). The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff indicates her action is brought pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* Plaintiff alleges that during September and October 2015 she applied for a total of 11 positions with Defendant for which she was qualified, but that she was not hired. The Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a right-to-sue letter on October 6, 2016, a copy of which is attached to the Complaint.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

The ADA and the ADEA each require plaintiffs to file suit within 90 days after the date of the receipt of the right-to sue letter. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e); *see Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008) (ADA); *Littell v. Aid Ass'n for Lutherans*, 62 F.3d 257 (8th Cir. 1995) (ADEA). Plaintiff alleges that she received the right-to-sue letter on October 19, 2016 (Filing No. 1 at CM/ECF p. 5), thirteen days after its issuance by the EEOC, which, if true,

2

would mean that the 90-day filing deadline expired on January 17, 2017. While Plaintiff mailed her Complaint to the court on January 17, 2017, it was not received and filed until two days later, which was untimely under the ADA and the ADEA. *See Hallgren v. U.S. Dep't of Energy*, 331 F.3d 588 (8th Cir. 2003) (affirming dismissal of ADEA action where complaint was mailed one day before expiration of 90-day time period but was not received and filed by court until after 90 days).

Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint as frivolous when it is apparent that the statute of limitations has run. *Myers v. Vogal,* 960 F.2d 750, 751 (8th Cir. 1992). Thus, unless Plaintiff can plead additional facts to establish that her claims are not time-barred, the action will be dismissed. The court need not examine at this time whether the allegations of the Complaint are otherwise sufficient to state a claim upon which relief can be granted.

### IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted because it appears on the face of the Complaint that all claims alleged are barred by applicable statutes of limitations. On its own motion, however, the court will permit Plaintiff to file an Amended Complaint.

IT IS THEREFORE ORDERED:

1. Plaintiff will have 30 days in which to file an Amended Complaint that states a claim upon which relief can be granted.

2. Failure to file an Amended Complaint in accordance with this Memorandum and Order will result in dismissal of this action without further notice.

3. The clerk's office is directed to set a pro se case management deadline using the following text: March 20, 2017: check for amended complaint.

DATED this 17 day of February, 2017.

                                BY THE COURT:

                                s/ *Richard G. Kopf*
                                Senior United States District Judge