IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PATRICIA J. RECKLEY, | ) | 8:17CV17 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| NE HEALTH & HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

The court determined on initial review of Plaintiff's Complaint that it "fails to state a claim upon which relief can be granted because it appears on the face of the Complaint that all claims alleged are barred by applicable statutes of limitations" (Filing No. 9). On the court's own motion, Plaintiff was granted leave to file an Amended Complaint that states a claim upon which relief can be granted.

Plaintiff filed an Amended Complaint on March 16, 2017 (Filing No. 10),[1] and corrected that filing on March 24, 2017 (Filing No. 13). The court now reviews the Amended Complaint, as corrected, to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).[2]

---

[1] Along with the Amended Complaint, Plaintiff filed a motion for appointment of counsel (Filing No. 12). In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id*. Having considered these factors, the request for the appointment of counsel will be denied.

[2] Plaintiff also filed a "response" to the court's memorandum and order, in the form of a brief (Filing No. 11). The court has considered Plaintiff's arguments.

## I. SUMMARY OF AMENDED COMPLAINT

The only substantive difference between Plaintiff's Amended Complaint and the original Complaint is the addition of a state-law claim. Plaintiff indicates her action is brought pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. § 48-1101 *et seq.* Plaintiff alleges that during September and October 2015 she applied for a total of 11 positions with Defendant for which she was qualified, but that she was not hired. The Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a right-to-sue letter on October 6, 2016, a copy of which is attached to the original Complaint. Plaintiff alleges she received the letter on October 19, 2016.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds

for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

The ADA and the ADEA each require plaintiffs to file suit within 90 days after the date of the receipt of the right-to sue letter. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e); *see Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008) (ADA); *Littell v. Aid Ass'n for Lutherans*, 62 F.3d 257 (8th Cir. 1995) (ADEA). Plaintiff alleges that she received the right-to-sue letter on October 19, 2016 (Filing No. 1 at CM/ECF p. 5), thirteen days after its issuance by the EEOC. Accepting this allegation as true, the 90-day filing deadline expired on January 17, 2017. While Plaintiff mailed her original Complaint to the court on January 17, 2017, it was not received and filed until two days later, which was untimely under the ADA and the ADEA. *See Hallgren v. U.S. Dep't of Energy*, 331 F.3d 588 (8th Cir. 2003) (affirming dismissal of ADEA action where complaint was mailed one day before expiration of 90-day time period but was not received and filed by court until after 90 days). There are no facts alleged which might provide grounds for tolling the limitations period.

Because the right-to-sue letter states that the EEOC adopted the findings of the state agency that investigated Plaintiff's charge, the action is also untimely under the NFEPA, which provides that "[t]he deadline for filing an action directly in the district court is ninety days after the complainant receives notice of the last action the [Nebraska Equal Opportunity Commission] will take on the complaint or charge." Neb. Rev. Stat. § 48-1120.01. The NFEPA's limitations period is not tolled pending issuance of the EEOC's right-to-sue letter. *See Hohn v. BNSF Ry. Co.*, 707 F.3d 995, 1000-01 (8th Cir. 2013).

Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint as frivolous when it is apparent that the statute of limitations has run. *Myers v. Vogal,* 960 F.2d 750, 751 (8th Cir. 1992). Plaintiff will not be allowed to file a Second Amended complaint because the court has concluded that to do so would be futile.

## IV. CONCLUSION

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted because it appears on the face of the Amended Complaint that all claims alleged are barred by applicable statutes of limitations.

IT IS ORDERED:

1. Plaintiff's motion for appointment of counsel (Filing No. 12) is denied.

2. Plaintiff's action is dismissed with prejudice.

3. Judgment will be entered by separate document.

DATED this 1st day of May, 2017.

                         BY THE COURT:

                         s/ *Richard G. Kopf*
                         Senior United States District Judge